# John Weaver, Plff. in Err., v. Edward Lyon.

Mere inadequacy of price is not ground for setting aside a sheriff's sale of land on execution.

The court has power to revoke an order opening a sheriff's sale.

(Decided May 10, 1886.)

Error to the Common Pleas of Northumberland County to review a judgment discharging a rule to show cause why a sheriff's sale should not be opened and set aside and the property resold. Affirmed.

The facts sufficiently appear in the opinion below, as follows, by—

ROCKEFELLER, P. J.: This is an application to set aside or open the biddings of a sheriff's sale. The petition was presented at the same term, after the acknowledgment of the sheriff's deed, but before the whole of the purchase money was paid, and before the delivery of the deed. J. H. McCormick, the deputy sheriff, in his testimony, says:

"The deed for this farm has never been delivered to the purchaser; it was handed over to the prothonotary, for recording, on Monday, May 18, 1885, after the notice to open the sale was served on the sheriff."

---

Cited in Laird's Appeal, 2 Pa. Super. Ct. 300, 304.

NOTE.—Ordinarily a sheriff's sale will not be set aside on the ground that the price at which the property was stricken off is inadequate (Hollister v. Vanderlin, 165 Pa. 248, 44 Am. St. Rep. 657, 30 Atl. 1002; Cake v. Cake, 156 Pa. 47, 26 Atl. 781; Long v. Miller, 10 Pa. Co. Ct. 586, 9 Lanc. L. Rev. 9; Gantz v. Carpenter, 8 Lanc. L. Rev. 286); but it may be where the application is promptly made and the petitioner enters into security that the property shall bring more at a second sale (Germer v. Ensign, 155 Pa. 464, 26 Atl. 657; Ritter v. Getz, 161 Pa. 648, 29 Atl. 112; Phillips v. Wilson, 164 Pa. 350, 30 Atl. 264; Pennsylvania Co. v. Black, 29 W. N. C. 410); or the purchaser may be permitted to pay the additional bid in lieu of setting aside the sale. (Hollister v. Vanderlin, 165 Pa. 248, 44 Am. St. Rep. 659, 30 Atl. 1002). But it will not be granted if there be no assurance that a better price will be bid (Fidelity Ins. Trust & S. D. Co. v. Byrnes, 166 Pa. 496, 31 Atl. 255). The application is within the discretion of the court and, in the absence of abuse, no reversal can be had (Germer v. Ensign, 155 Pa. 464, 26 Atl. 657; Laird's Appeal, 2 Pa. Super. Ct. 300).

The grounds of the application are, (1) inadequacy of price; (2) fraud; (3) "an offer by a responsible bidder to bid 25 per cent more."

A sheriff's sale will not be set aside for mere inadequacy of price, but in a clear case the court will seize hold of a slight irregularity to set aside the sale. This has been stated frequently by the judges of the supreme court.

Fraud on the part of the purchaser is always a good ground for setting aside a sheriff's sale, if application is made at the proper time.

On the subject of opening a sheriff's sale the rule of this court is as follows: "No motion to open a sale of real estate, made by the sheriff or coroner, will be entertained, unless made at the first opportunity, and an offer made by some responsible bidder to bid 25 per cent more. This rule is discretionary."

Considerable testimony has been taken on both sides, on the question of inadequacy of price and fraud. The defendant in the writ upon which the real estate in question was sold is the petitioner. He is an old man, being about eighty-four years of age, and it is clear that all he has or expects to have for his support is whatever balance may be left after paying the liens upon his land. It is an important question to him at this time of his life. He has, as he alleges, found a responsible bidder who offers to bid $1,318, or 25 per cent more than the property was struck off at.

It is contended on the part of the purchaser that there was no fraud; and that even if there was, the application is too late, it having been made after the acknowledgment of the sheriff's deed.

The case of Cooper v. Wilson, 96 Pa. 409, and many other older cases, have been cited by the purchaser's counsel to show that all irregularities are cured by the acknowledgment of a sheriff's deed. The expressions of Mr. Justice PAXSON in the case of Cooper v. Wilson—that there must be a point of time when such irregularities are cured. The law fixes the acknowledgement of the sheriff's deed as that time. Were we to relax this rule we might impair titles—are particularly relied on.

Without fully understanding the law, such sentences, so often found in the books, have often been misunderstood. They apply to cases affecting the validity of titles acquired at sheriff's sales. For example: a defendant who has notice that his property is

about to be sold by the officer of the law, for the payment of debts, and who makes no objection until an innocent purchaser has paid the purchase money and received his deed duly acknowledged, is estopped from objecting afterwards.

All the cases cited by Judge Paxson to show that mere irregularities are cured by the acknowledgment of the sheriff's deed were actions of ejectment, wherein the titles offered in evidence were acquired at a sheriff's sale by payment of the purchase money and acknowledgment and delivery of the deed to the purchaser. Such were the cases of Crowell v. Meconkey, 5 Pa. 168; Spragg v. Shriver, 25 Pa. 282, 64 Am. Dec. 698; and Shields v. Miltenberger, 14 Pa. 76.

In the case of Cooper v. Wilson the deed had been acknowledged and delivered to the purchaser and the purchase money paid.

No deed is good or can have any efficiency as such without a delivery by the party making it. Robins v. Bellas, 2 Watts, 362.

The court of common pleas has the power to set aside a sheriff's sale at any time before the deed is acknowledged, or even after that act, if done at the same term. Connelly v. Philadelphia, 86 Pa. 110. See also Jackson v. Morter, 82 Pa. 291; Stephens v. Stephens, 1 Phila. 108; Vanernan v. Cooper, 4 Clark (Pa.) 371.

In the present case the money has not been paid to the creditors, and, as I understand, is in court.

The court ordered the sale to be opened and the deed to be canceled, but on June 5, 1885, ordered a reargument of the case.

Subsequently the court delivered another opinion, of which the following are extracts:

In *Re* Erb, 2 Pearson (Pa.) 160, Judge Pearson says: Has the court a discretionary power to set aside the sale on account of inadequacy of price, on a larger offer being made? The cases decided pretty conclusively show that the purchaser has a vested right in the property which cannot be disturbed or overlooked. See Murphy v. M'Cleary, 3 Yeates, 405.

This is repeated in Young's Appeal, 2 Penr. & W. 382. And even the payment of the debt before sheriff's deed acknowledged,

which was held good in many counties, will not justify the court in setting aside the sale.

A judgment against a purchaser, before deed made, binds the estate, as he has a vested interest therein. So he must be the loser if the property is destroyed by fire, or flood. The court is therefore obliged to receive the acknowledgment of the sheriff's deed, and has no legal discretion.

In the case of Carson's Sale, 6 Watts, 146, Judge KENNEDY says: "If a sheriff's sale be fairly made, though the price may be inadequate, it is our duty notwithstanding, if the purchaser who has thereby acquired a vested interest require it, to enforce the perfecting of the title, by compelling the sheriff to execute and acknowledge the deed of conveyance." See also Vastine v. Fury, 2 Serg. & R. 426.

In the case of Young's Appeal, 2 Penr. & W. 382, Ross, J., said: "In order to set aside a sheriff's sale there must be satisfactory evidence of fraud or abuse of power in the sheriff. Woods v. Monell, 1 Johns. Ch. 502."

Again he says: "It is not a sound exercise of the discretionary power of a court to destroy the vested rights of a fair purchaser, either from the feelings of sympathy for the defendant in the execution, or because the court may not see any peculiar hardship in the bona fide purchaser being arbitrarily deprived of his just and equitable right; . . . it is indeed calculated to affect sheriff's sales very injuriously. Who would become bidders on such terms? . . . The practice would indeed be pregnant with ruin and injustice."

In the case of Sharp v. Long, 28 Pa. 433, it was held by the supreme court that "to invalidate a sheriff's sale it must be proved that the purchaser was guilty of actual fraud, such as making a false representation or practising some trick or device, and thereby procuring the title for less than its value." Unquestionably a sheriff's sale will be set aside after the acknowledgment of the deed, for either mistake or fraud.

In the present case the purchaser had not paid quite all of the purchase money at the time of the acknowledgment of the deed. The sheriff had given him a short time, but the authorities show that that was a matter between him and the sheriff. The whole amount was paid within a few days.

In Hinds v. Scott, 11 Pa. 27, 51 Am. Dec. 506, Judge BELL

says: "By his return, or, what is equally efficacious, making a deed, the sheriff fixes himself for the price bid."

The money has been paid into court, and under the evidence and the law I can see no other way than to allow the sheriff's sale to stand.

And now, July 9, 1885, the order made the 29th of May, 1885, ordering the sale to be opened, the acknowledgment of the deed to be canceled, etc., is revoked and the rule is discharged.

The petitioner brought error.

*A. D. Hower* and *S. P. Wolverton,* for plaintiff in error.— In Duncan v. Robeson, 2 Yeates, 454, the court says: "The deed does not take effect from its acknowledgment, but from its sealing and delivery."

In Braddee v. Brownfield, 2 Watts & S. 271, "The acknowledgment of a sheriff's deed is not such a *res judicata* as precludes an inquiry into the legality of the proceedings by which the sale was made."

In Cash v. Tozer, 1 Watts & S. 519, this whole subject is fully discussed by Chief Justice Gibson, and on page 529 he says: "A fraud or defect in the sale may perhaps not be perceived in time for an objection to the acknowledgment; and to preclude an inquiry into it afterwards would introduce a very short and severe judicial statute of limitations." See Robins v. Bellas, 2 Watts, 362.

The following cases clearly show that the court had the power to grant the relief prayed for by the defendant. Hoffa v. Morter, 33 Phila. Leg. Int. 383; Shields v. Miltenberger, 14 Pa. 76; Crowell v. Meconkey, 5 Pa. 168; McFee v. Harris, 25 Pa. 102; Mitchell v. Freedley, 10 Pa. 198; Spragg v. Shriver, 25 Pa. 282; 64 Am. Dec. 698; Rees v. Berryhill, 1 Watts, 263; Sloan's Case, 8 Watts, 194; Chadwick v. Patterson, 2 Phila. 275; Stephens v. Stephens, 1 Phila. 108. See also Shakespear v. Fisher, 11 Phila. 251; Lewis's Petition, 1 Pittsb. 537; Mitchell, Motions & Rules, p. 80; Lawrence, Sheriffs' Sales, p. 70; Jackson v. Morter, 82 Pa. 294; Connelly v. Philadelphia, 86 Pa. 110; Vanernan v. Cooper, 4 Clark (Pa.) 371; Scheerer v. Stanley, 2 Rawle, 276; Graffam v. Burgess, 117 U. S. 180, 29 L. ed. 839, 6 Sup. Ct. Rep. 686.

*P. L. Hackenberg & Son,* for defendant in error.—Even if the price obtained for the property was inadequate it would not be a sufficient ground for setting the sale aside. If a sheriff's sale be fairly made, although the price may be inadequate, it is our duty, notwithstanding, if the purchaser who has thereby acquired a vested interest require it, to enforce the perfecting of the title by compelling the sheriff to execute and acknowledge the deed of conveyance. Carson's Sale, 6 Watts, 146; Brotherline v. Swires, 48 Pa. 70; *Re* Erb, 2 Pearson. (Pa.) 161.

It is a familiar principle that a sheriff's sale will not be set aside for mere inadequacy of price. It is true, in a clear case of inadequacy of price, the court will seize hold of slight irregularity to set aside the sale. But mere irregularities are cured by the acknowledgment of the sheriff's deed. Crowell v. Meconkey, 5 Pa. 168.

There must be a point of time when irregularities are cured. The law fixes the acknowledgment of the sheriff's deed as that time. Were we to relax that rule we might imperil titles. Cooper v. Wilson, 96 Pa. 414; McCulloch's Case, 1 Yeates, 40; Babcock v. Day, 41 Phila. Leg. Int. 45.

The purchaser must have been guilty of some falsehood before or at the time of the sale which succeeded, and he must have obtained the property for less than it otherwise would have sold for. Barton v. Hunter, 101 Pa. 411; Sharp v. Long, 28 Pa. 439; Weitzell v. Fry, 4 Dall. 218, 1 L. ed. 807; Carson's. Sale, 6 Watts, 144.

The law presumes that a public judicial sale is made in good faith. The presumption should stand, unless overthrown by satisfactory evidence of fraud or unfair means. Barton v. Hunter, 101 Pa. 411; Shoemaker v. Kunkle, 5 Watts, 108; Bear's Estate, 60 Pa. 430.

That the writ had not been returned at the time of acknowledgment of deed is insufficient to destroy the validity of the sale; that omission may be cured by an acknowledgment of the deed in open court, reciting a sale under the writ. Jackson v. Morter, 82 Pa. 296; Gibson v. Winslow, 38 Pa. 54; Hinds v. Scott, 11 Pa. 27, 51 Am. Dec. 506.

The purchaser cannot be affected by what took place subsequently to the sale. Oram v. Rothermel, 98 Pa. 311. See also McFee v. Harris, 25 Pa. 102; Jackson v. Morter, 82 Pa. 294;

Cooper v. Wilson, 96 Pa. 414; McCulloch's Case, 1 Yeates, 40; McLaughlin v. McLaughlin, 85 Pa. 324; Spragg v. Shriver, 25 Pa. 285, 64 Am. Dec. 698; Sergeant v. Ford, 2 Watts & S. 127.

The acknowledgment of the deed cures all irregularities. Crowell v. Meconkey, 5 Pa. 168; Solomon v. Parnell, 2 Miles (Pa.) 264.

PER CURIAM:

No error is alleged as between the original parties to this judgment. The attempt is to reach one who purchased the real estate of the defendant by virtue of an execution issued on the judgment. The application was to set aside the sheriff's sale after the deed had been duly acknowledged. No fraud was established.

Mere inadequacy of price affords no just cause for setting aside a sheriff's sale. It was not error in the court to modify the order which it had previously made.

Judgment affirmed.